IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK M. ALLEN, SR.,                )
                                      )
         Plaintiff,                   )
                                      )
    v.                                )    1:20CV1081
                                      )
DIRECTOR OF ELECTION, et al.,         )
                                      )
         Defendant(s).                )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a former pretrial detainee in Durham County, North Carolina, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). The Complaint names several persons or entities as Defendants and alleges that they prevented Plaintiff from voting in the general election held in November of 2020. It seeks $2 billion dollars in actual damages and an equal amount in punitive damages.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim

upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).[1]

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

---

[1] Plaintiff was released from detention following the filing of this lawsuit. However, 28 U.S.C. § 1915(e)(2) requires the Court to conduct the same analysis for all persons seeking *in forma pauperis* status. Therefore, whichever statute the Court uses, the result is the same.

[2] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

-2-

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) because it fails to state a claim on which relief may be granted.

The facts alleged in the Complaint are very basic. It claims that Plaintiff was eligible to vote while held in detention, that he signed up for early or absentee voting as instructed by personnel at the Durham Detention Center where he was housed, and that he never received a ballot. This prevented him from voting in the November 2020 election. When Plaintiff filed a grievance inquiring about the ballot, he was allegedly told that Defendants D. Faison and Lt. Sudden were handling distribution of the ballots, which were coming in gradually.

The Complaint first names the Director of Elections in Durham, North Carolina, and the Durham Board of Elections as Defendants. However, it contains no factual allegations as to these Defendants. To the extent the Complaint could he construed to allege that these Defendants did not properly handle Plaintiff's ballot request by sending him a ballot, it still contains no facts supporting an intentional, as opposed to negligent, action by these Defendants. Negligence is not sufficient to state a claim under § 1983, which covers only intentional deprivations of federal rights. Therefore, the Complaint states no claim against these two Defendants.

The Complaint also names the Durham County Detention Center as a Defendant. However, the Detention Center is a building, not a person, and § 1983 covers only violations of federal rights committed by persons. To the extent the Durham County Sheriff could be substituted for the Detention Center given that he is in charge of its operation, the Complaint

already names him as a Defendant. However, it seeks to hold him liable only based on his supervision of the Detention Center and its employees. Theories of *respondeat superior* or predicated solely on a defendant's identity as a supervisor do not exist under § 1983. Iqbal, 556 U.S. at 677. The Complaint contains no other basis for liability on the part of the Sheriff. Therefore, the Complaint states no claim for relief against either the Sheriff or the Detention Center. Similarly, the Complaint names Durham County as a Defendant. However, it sets out no basis for liability against the County other than, arguably, its supervision or control over other Defendants. Again, this sort of allegation fails to state any claim for relief under § 1983.

Finally, the Complaint lists D. Faison and Lt. Sudden as Defendants. It contains no facts supporting a claim that they intentionally violated Plaintiff's rights. They allegedly handled the distribution of ballots as they came into the Detention Center. However, there is no allegation that they received a ballot for Plaintiff but failed to give it to him, whether intentionally or otherwise. The Complaint fails to state a claim against these or any other Defendants and should be dismissed accordingly.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $1.20. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $1.20.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of May of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid. Plaintiff has now been released from custody, but a copy of this order will be sent to his former trustee so that they are aware of the debt should he reenter custody.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2) for failing to state a claim upon which relief may be granted.

This, the 20th day of April, 2021.

                                        /s/ L. Patrick Auld
                                          **L. Patrick Auld**
                                  **United States Magistrate Judge**